IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

JAMES  C.  HENDERSON,  SR.,  *et* \
*al.*,                                 *

    Plaintiffs,                        *

vs.                                    *        CASE NO. 3:13-CV-127 (CDL)

                                        *

SHERIFF HOWARD SILLS, *et al.*,        *

    Defendants.                        *

_____      *

O R D E R

    This  action  arises  from  three  alleged  searches  of Plaintiffs'  home  which  they  contend  violated  the  Fourth Amendment  to  the  United  States  Constitution.   Pursuant  to  42 U.S.C.  §  1983  ("§  1983"),  Plaintiffs  sued  the  law  enforcement officials  involved  in  the  searches  and  the  magistrate  judge  who signed  the  search  warrants.   Because  Plaintiffs  filed  this action  over  two  years  after  their  claims  accrued,  it  is  barred by  the  statute  of  limitations.   Accordingly,  Defendants'  Motions to  Dismiss  (ECF  Nos.  13  &  14)  are  granted.

MOTION TO DISMISS STANDARD

    When  considering  a  12(b)(6)  motion  to  dismiss,  the  Court must  accept  as  true  all  facts  set  forth  in  the  plaintiff's complaint  and  limit  its  consideration  to  the  pleadings  and exhibits  attached  thereto.   *Bell  Atl.  Corp.  v.  Twombly*,  550  U.S. 544,  556  (2007);  *Wilchombe  v.  TeeVee  Toons,  Inc.*,  555  F.3d  949,

959 (11th Cir. 2009).  When the defendant raises the statute of limitations as an affirmative defense in a motion to dismiss, dismissal under Rule 12(b)(6) "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred."  *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation marks omitted).

## FACTUAL ALLEGATIONS

Plaintiffs allege that Defendants, pursuant to a search warrant, entered Plaintiffs' home on November 20, 2009, detained Plaintiffs' in the living room during the search, and seized some of Plaintiffs' property.  Compl. ¶ 4, ECF No. 1. Plaintiffs allege that a second search occurred on November 30, 2009.  They also assert that Defendants unlawfully entered their home after "several months" to leave a copy of the search warrant related to that second search.  *Id.*  Plaintiffs filed the present action, pursuant to § 1983, on November 19, 2013. Plaintiffs seek damages arising from the November 20, 2009 search and seizure, the November 30, 2009 search and seizure, and the third entry into their home.

## DISCUSSION

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."  *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir.

2008) (internal quotation marks omitted); *accord DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011). The applicable statute of limitations is two years. O.C.G.A. § 9-3-33; *Lovett v. Ray*, 327 F.3d 1181, 1182-83 (11th Cir. 2003) (per curiam) (applying Georgia's two-year statute of limitations for personal injury actions and finding plaintiff's § 1983 claim untimely). The statute begins to run when "'the facts that would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Porter v. Ray*, 461 F.3d 1315, 1323 (11th Cir. 2006) (quoting *Lovett*, 327 F.3d at 1182); *see also Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (explaining that § 1983 claims "do not accrue until the plaintiff knows or has reason to know that he has been injured" and "is aware or should have been aware who has inflicted the injury").

It is clear on the face of the Complaint that Plaintiffs had actual knowledge of Defendants' first search and seizure on November 20, 2009. Therefore, Plaintiffs were required to file their claims based on that search by November 20, 2011. Because Plaintiffs did not file this action until November 19, 2013, almost two years after the two-year statute of limitations expired, these claims are clearly time-barred.

The present Complaint does not specifically allege the precise date that Plaintiffs became aware of the November 30,

3

2009 search or the third alleged entry into their home.  But Plaintiffs do allege that they found the copy of the second search warrant "several months" after the searches on November 20 and 30, 2009 and believed someone must have entered their home a third time to leave that copy in their dining room near the time they found it.  The Court finds that a reasonable construction of Plaintiffs' Complaint establishes that Plaintiffs would have been well aware of the second and third searches prior to November 19, 2011, which would have been twenty-four months after the initial search and two years before they filed this present action.[1]

Accordingly, the present action, which was filed on November 19, 2013, more than two years after Plaintiffs were aware of the subsequent searches, was too late.

CONCLUSION

For the reasons explained above, Defendants' motions to dismiss (ECF Nos. 13 & 14) are granted.


IT IS SO ORDERED, this 25th day of April, 2014.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that Plaintiffs failed to respond to Defendants' Motions to Dismiss and have made no argument that the statute of limitations should be tolled.

4